|  |  |
|---|---|
| UNITED STATES DISTRICT COURT  DISTRICT OF PUERTO RICO | |
| JOSÉ ABNER SÁNCHEZ–ROA,  Petitioner,  v.  LUIS MARRERO–CARABALLO and  ANTONIO M. SAGARDÍA-DE-JESÚS,  Respondents. | Civil No. 09-1861 (JAF) |

**O R D E R**

On August 28, 2009, Petitioner José Abner Sánchez–Roa petitioned this court for a writ of habeas corpus, under 28 U.S.C. § 2254, to release him from a sentence imposed pursuant to a Commonwealth court conviction. (Docket Nos. 2; 25.) Petitioner asserts that his detention is in violation of the Sixth and Fourteenth Amendments of the U.S. Constitution.[1] (Id.) Respondents, Luis Marrero–Caraballo and Antonio M. Sagardía–de-Jesús, Petitioner's wardens under Commonwealth authority, move to dismiss (Docket No. 21),[2] and Petitioner responds (Docket Nos. 22; 23; 24).

---

[1] Because Petitioner is pro se, we construe his pleadings more favorably than we would pleadings drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, Petitioner is not insulated from the strictures of procedural and substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

[2] Although Respondents present their motion under Federal Rule of Civil Procedure 12(b)(1), we treat it under Rule 12(b)(6) because a petitioner's failure to exhaust his Commonwealth remedies is an affirmative defense, not a jurisdictional challenge. See Pike v. Guarino, 492 F.3d 61, 71 (1st Cir. 2007). "[A]n affirmative defense may be adjudicated on a motion to dismiss for failure to state a claim." Banco Santander de P.R. v. López–Stubbe, 324 F.3d 12, 16 (1st Cir. 2003); see Fed. R. Civ. P. 12(b)(6).

Civil No. 09-1861 (JAF) -2-

Respondents argue that we should dismiss Petitioner's petition because of his failure to exhaust available remedies in the Commonwealth courts. (Docket No. 21.) The exhaustion requirement dictates that a federal writ of habeas corpus "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Derived from notions of comity, the exhaustion doctrine "serves to minimize friction between our federal and state system of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). As a prudential principle, exhaustion is not a jurisdictional prerequisite. Pike v. Guarino, 492 F.3d 61, 71 (1st Cir. 2007); cf. § 2254(b)(3) (permitting federal court to deny application on the merits despite petitioner's failure to exhaust).

Nevertheless, "federal courts have enforced the exhaustion requirement consistently and rigorously." Adelson v. Dipaola, 131 F.3d 259, 262 (1st Cir. 1997). A petitioner "may not advance his or her constitutional claims in a federal forum unless and until the substance of those claims has been fairly presented to the state's highest court." Barrei v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002). The "petitioner bears a heavy burden to show that he . . . tendered each claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Adelson, 131 F.3d at 262 (internal quotation omitted). Puerto Rico has a two-tier system for post-conviction relief. Maldonado–Pagán v. Malavé, 145 Fed. App'x 375, 376 (1st Cir. 2005). In order to exhaust his Commonwealth remedies, a petitioner must first file a Rule 192.1 motion requesting the trial court to vacate, set aside, or correct the judgment. 34 L.P.R.A. App. II, R. 192.1 (2004). An appeal may be taken from the denial of a Rule 192.1

Civil No. 09-1861 (JAF) -3-

motion to the Court of First Instance, and then by petition for a writ of certiorari to the Supreme Court of Puerto Rico. Id. If this avenue fails, the petitioner must file another petition under § 1741 of the Code of Criminal Procedure to request a writ of habeas corpus. 34 L.P.R.A. §§ 1741-1743 (2004).

With respect to the instant petition, Respondents note that Petitioner presents three federal constitutional grounds, only one of which, the Sixth Amendment right to effective assistance of counsel, was the subject of a prior Rule 192.1 motion. (Docket No. 21.) Respondents maintain that Petitioner did not include the other two claims, for due process and equal protection under the Fourteenth Amendment, in this prior motion. (Id.) Respondents further contend that Petitioner never sought a writ of habeas corpus from a Commonwealth judge. (Id.) In response, Petitioner concedes that he did not avail himself of the writ under Commonwealth law but contends that his Rule 192.1 motion satisfied the exhaustion requirement. (Docket No. 23.) We find that Petitioner's admission is fatal to his petition for relief from this court, because his Rule 192.1 motion alone could not satisfy the exhaustion requirement. See Maldonado–Pagán, 145 Fed. App'x at 376; Adelson, 131 F.3d at 262.

Accordingly, we hereby **GRANT** Respondents' motion to dismiss (Docket No. 21) and **DISMISS WITHOUT PREJUDICE** the present petition (Docket No. 2).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 4th day of February, 2010.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge